Jayson M. Lorenzo, Esq. (SBN #216973)
jayson@jlorenzolaw.com
J. Lorenzo Law
2292 Faraday Ave., Suite 100
Carlsbad, CA 92008
Telephone: (760) 560-2515

Sean M. Ulrich, Esq. (SBN # 309838)
sean@mgllaw.com
MGL LLP
5777 W. Century Blvd., Ste 1125
Los Angeles, CA 90045
Telephone: (424) 333-9570

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wizards of OBS, LLC., a California limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>BYTEDANCE LTD., a Cayman Islands company; BYTEDANCE INC., a Delaware corporation; TIKTOK LTD., a Cayman Islands company; TIKTOK INC., a California corporation; TIKTOK PTE. LTD., a Singapore company; DOES 1-10, inclusive;<br><br>Defendants | Case Number:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Wizard of OBS, LLC ("OBS"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action for copyright infringement arises under the law of the United States of America, namely, the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.* This Court has personal jurisdiction over Defendants, as to all, because, among other things, Defendants are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, Defendants committed an intentional act in the State of California and in this judicial district, Defendants expressly aimed their activities at the State of California and this judicial district, and has caused harm and injury to Plaintiff within the State of California and this judicial district.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331.

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2), 1391(b)(3), 1391(c)(2), 1391(c)(3), and 1391(d).

## PARTIES

4. Plaintiff OBS is a limited liability company located in California, with its principal place of business at 43980 Mahlon Vail Rd Ste 2601 Temecula, CA, 92592-9602 United States.

5. Defendant ByteDance Ltd. is a Cayman Islands company. It has had offices in the United States and in other countries. ByteDance Ltd. transacts or has transacted business in this District and throughout the United States.

6. Defendant ByteDance Inc. is a Delaware corporation with its principal place of business at 250 Bryant Street, Mountain View, California, 94041. ByteDance Inc. transacts or has transacted business in this District and throughout the United States.

7. Defendant TikTok Ltd. is a Cayman Islands company with its principal place of business in Singapore or Beijing, China. TikTok Ltd. transacts or has transacted business in this District and throughout the United States.

8. Defendant TikTok Inc. is a California corporation with its principal place of business at 5800 Bristol Parkway, Suite 100, Culver City, California 90230. TikTok Inc. transacts or has transacted business in this District and throughout the United States.

9. Defendant TikTok Pte. Ltd. is a Singapore company with its principal place of business at 8 Marina View Level 43 Asia Square Tower 1, Singapore, 018960. TikTok Pte. Ltd. transacts or has transacted business in this District and throughout the United States.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 10, are unknown to Plaintiff, who therefore sue said defendants by such fictitious names (the "Doe Defendants"). Plaintiff will seek leave of the Court to amend this complaint to state their true names and capacities when they have been ascertained. Plaintiff is informed and believes and on that basis aver that Doe Defendants are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. BYTEDANCE LTD.; BYTEDANCE INC.; TIKTOK LTD.; TIKTOK INC.; TIKTOK PTE. LTD. and the Doe Defendants are referred to collectively herein as "Defendants".

## GENERAL ALLEGATIONS

11. Plaintiff is a software design and development studio that develops software for video recording, livestreaming, capture and editing.

12. Plaintiff owns and develops a livestreaming software product called OBS Studio (the "Software"). OBS Studio was first published at least as early as August 30, 2013.

13. Plaintiff owns all right, title, and interest to the valid copyright in the Software, registered on May 2, 2023 (U.S. Copyright Registration No. TX0009312907).

14. The Software has been widely publicly disseminated since its original publication and is available to any user via Plaintiff's website (obsproject.com), as well as direct access to the full source code at Plaintiff's GitHub code repository (https://github.com/obsproject/obs-studio), readily accessible to Defendant.

15. The Software is available for license under the terms of the GNU General Public License, version 2, so long as users comply with certain open-source licensing requirements as required in the GNU General Public License.

16. Under the terms of the GNU General Public License, users may review, use, modify and republish the source code of the subject software so long the users comply with certain requirements including but not limited to the user's use, modification or republication of the software also remains open source for users to view and use, certain notices and disclaimers are given and parties are given or offered a copy of the full source code of the entire user software that must be provided.

17. Defendants are a multinational technology company that develops software for mobile applications and desktop computers. Defendants most popular software application is TikTok, a social media application that allows for the creation, sharing and editing of audiovisual content.

18. On information and belief, in 2021 Defendants began development of a new software product referred to as TikTok Live Studio, a video livestreaming program meant to integrate with their existing TikTok platform (the "Infringing Software").

19. On or about December 2021, Defendants began beta-testing the Infringing Software.

20. On or about December 15, 2021, Plaintiff discovered that the Infringing Software was using copies of the Software code base directly in the Infringing Software. Copies of Plaintiff's code were identical copies of the Software code base or at lease substantially similar and directly derived from the Software.

21. On or about December 16, 2021, Plaintiff emailed Defendants directly alerting them to the infringement and seeking to discuss. Plaintiff and Defendant then began to engage in discussions about the infringement.

22. On or about January 25, 2022, Plaintiff received correspondence from Defendants admitting that the code for the Software was in fact copied and present in the Infringing Software.

23. At no point in time have Defendants complied with the requisite terms of the GNU General Public License for Plaintiff's open-source Software including but not limited to making their code base open source, providing access to the full source code to users who request, or provide the requisite notices terms of the GNU General Public License for Plaintiff's open-source Software.

24. At no point in time did Defendants otherwise secure permission, comply with the necessary requirements to obtain a license or secure a license directly from Plaintiff to use, modify or republish the Software.

25. Defendants have continuously developed and published the Infringing Software between December 2021 and present.

26. Plaintiff is informed and believes that new Infringing Software using Plaintiff's Software was developed and distributed by Defendants after May 2023.

## FIRST CLAIM FOR RELIEF

**Federal Copyright Infringement – Against Defendants and Each of Them**

**(17 U.S.C. § 501)**

27. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28. Plaintiff's Software code base is an original textual work being copyrightable subject matter for which copyright protection exists under 17 U.S.C. § 101, *et. seq.* Plaintiff is the owner of rights in and to the Software.

29. On information and belief, Plaintiff alleges that Defendants, and each of them, had access to the Software, including, without limitation, through viewing the Software on GitHub, Plaintiff's website, or elsewhere online that provides access to Plaintiff's software resources. Access is further evidenced by the exact reproduction in the Infringing Software of code of the Software, which is otherwise substantially similar thereto.

30. On information and belief, Plaintiff alleges that Defendants, and each of them, copied, reproduced, displayed, modified, made derivatives of and distributed the Software including without limitation in the Infringing Software.

31. On information and belief, Plaintiff alleges that Defendants, and each of them, infringed Plaintiff's copyrights by copying and creating infringing derivative works from the Software and publishing same or versions substantially similar to the public, infringing on Plaintiff's rights in the copyright.

32. During all relevant time periods, Defendants lacked any valid license to shield its infringing conduct.

33. As a direct or proximate result of said infringement by Defendants, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

34. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Software. As such, Plaintiff is entitled to disgorgement of

Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Software in an amount to be established at trial.

35. As a direct or proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy under the law. Plaintiff is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the Software. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

36. On information and belief, Plaintiff alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting equitable and other defenses.

## SECOND CLAIM FOR RELIEF
## Breach of Contract – Against Defendants and Each of Them
## (GNU General Public License)

37. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

38. Plaintiff has performed each of the conditions, covenants, and obligations imposed on it by the terms of the GNU GPL with Defendants.

39. Plaintiff granted Defendants a license to copy, modify and distribute the Software under the GNU GPL when Defendants modified and distributed the Software. By Defendants actions as set forth hereinabove, Defendants have substantially and materially breached the GNU GPL license at least by failing to

make the Infringing Software open source for any user to view and use, failing to provide certain notices and disclaimers in the Infringing Software and failing to provide or offer a copy of the full source code of the Infringing Software upon request.

40. As a direct and proximate result of these material breaches by Defendants, Plaintiff is entitled to recover as restitution from Defendants any unjust enrichment, including any extraterritorial gains, profits, and advantages not covered under Copyright Law that Defendants have obtained as a result of its breach of the GNU GPL.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for the judgment as follows:

**Against all Defendants, and Each with Respect to Each Claim for Relief:**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from (a) infringing Plaintiff's copyrights in the Software, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Software or any copyrighted elements therein, from any software, content, print, web, or other publication owned, operated, or controlled by any Defendant;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law;

     c.    That a constructive trust be entered over any revenues and other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

     d.    That Plaintiff be awarded his attorneys' fees as to any that may be available under the Copyright Act 17 U.S.C. § 504 *et seq.*;

     e.    That Plaintiff be awarded its costs and fees under the above statutes;

     f.    That Plaintiff be awarded statutory and enhanced damages that may be available under the statues set forth above;

     g.    That Plaintiff be awarded pre-judgment interest as allowed by law;

     h.    That Plaintiff be awarded the costs of this action;

     j.    That Plaintiff be awarded restitution from Defendants any unjust enrichment, including any extraterritorial gains, profits, and advantages not covered under Copyright Law.

     i.    A judgment granting Plaintiff any relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Wizard of OBS, LLC hereby demands trial by jury on all claims and issues so triable in this action.

Dated:  March 10, 2025                                                            MGL LLP

                                                                                         By:   /s/ Sean M. Ulrich
                                                                                                  Sean M. Ulrich
                                                                                                  Jayson M. Lorenzo
                                                                                                  Attorneys for Plaintiff
                                                                                                  Wizards of OBS, LLC

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT